**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 06-CR-91-P-S |
| PETRAIA MARITIME LTD., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR RULE 15 DEPOSITIONS**

Currently, before the Court are the Government's Motion for Rule 15 Depositions (Docket # 14) and Defendant's Motion for Oral Argument (Docket # 29). Defendant's Motion is hereby DENIED upon the Court's finding that the pending motion may be decided on the written submissions. As explained below, the Government's Motion is hereby GRANTED.

Through its Motion, the Government seeks permission to take depositions of two witnesses, Mr. Alfrado Lozada and Mr. Felipe Arcolas, who are currently located in the Philippines. Having thoroughly reviewed the written submissions of both sides in connection with this Motion,[1] as well as all other pending items on the docket, the Court is satisfied that this case presents exceptional circumstances; namely, Mr. Lozada and Mr. Arcolas are currently, and are likely to remain, beyond the subpoena power of the Court and both men will most likely be unavailable to at appear any trial in this matter that may occur between March 2007 and August 2007. In addition, the Court concludes that it is in the interest of justice that the testimony of these two witnesses be taken and preserved for trial. Therefore, the Court GRANTS the Government's Motion. Pursuant to Federal Rule of Criminal Procedure 15(f) and the Federal Rules of Evidence, Defendant is free to object to the admission of any portion of the resulting deposition transcripts. The Court hereby reserves ruling on the admissibility of any deposition

---

[1] The Court's review has included Defendant's surreply (Docket # 29) although the Court notes for future reference that such additional briefing should include a separate motion seeking leave to file a surreply.

1

testimony.

While the Court also ultimately reserves ruling on Defendant's Motion to Dismiss (Docket # 21),[2] the Court notes that in ruling upon the Government's Motion it has considered the jurisdictional challenge raised via Defendant's Motion to Dismiss.  Suffice it to say that if, on the current record, the Court were convinced that its jurisdiction over the pending indictment was lacking, it would not find the interests of justice to be served by permitting depositions to proceed.  Instead, on the current record, the Court is satisfied that it has jurisdiction to order the taking of depositions.

In its response to the Government's Motion, Defendant has requested that the Court order the Government to reimburse the expenses that Defendant incurs in connection with the two requested depositions.  In connection with this advance request, Defendant has made no showing that it is unable to bear these deposition expenses.  The Court notes that it would be required to order reimbursement upon such a showing in accordance with Rule 15(d).  Nonetheless, the Court may order the Government to reimburse deposition expenses even in the absence of Defendant's financial hardship.  On the record presented, the Court believes the best course is to reserve ruling on Defendant's request for expenses until there is an actual amount associated with the request.  Therefore, Defendant may submit an itemized request for reimbursement of deposition expenses after the depositions are completed.

SO ORDERED.

  /s/ George Z. Singal  
United States Chief District Judge

Dated this 3rd day of January 2007.

---

[2] The Court notes that Defendant has not sought to expedite the Court's consideration of the Motion to Dismiss and, thus, the Court will await full briefing in due course before ruling upon the issues presented in Defendant's Motion to Dismiss.